UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID JEROME OLIVER,
Plaintiff,

v.

NAPA COUNTY DISTRICT ATTORNEY EMPLOYEE(S), et al.,
Defendants.

Case No. 25-cv-02769-WHO

**ORDER GRANTING THE MOTION TO DISMISS AND DENYING THE MOTION FOR SUMMARY JUDGMENT AND THE MOTION TO VACATE**

Re: Dkt. Nos. 9, 10, 22, 28

Plaintiff David Jerome Oliver ("Mr. Oliver"), proceeding pro se, filed this lawsuit against a number of entities including Napa County district attorneys, public defenders, and judges, alleging that he was arrested and imprisoned twice pursuant to void court order. He seeks monetary damages and injunctive relief. His Third Amended Complaint ("TAC") [Dkt. No.8] is vague and his papers are inconsistent concerning the relief he seeks and what wrong he alleges has been done by which parties. But based on the face of the complaint and Mr. Oliver's representations at the hearing on the motions, it is clear that I do not have subject matter jurisdiction to review his case. The TAC further raises issues of sovereign and judicial immunity. The defects within it cannot be cured. For these reasons, I GRANT the Judicial Defendants' Motion to Dismiss and DISMISS the TAC with prejudice.[1]

**BACKGROUND**

The following background is based on my best understanding of Mr. Oliver's allegations brought in the TAC and his argument at the hearing.[2]

[1] Mr. Oliver's Motion for Summary Judgment and Motion to Vacate or Set Aside, as well as the County Defendants' Motion to Dismiss are mooted by this Order.

[2] I note that Mr. Oliver has filed four complaints in this case. Federal Rule of Civil Procedure 15 governs amendment of pleading. Mr. Oliver is granted one amendment as a matter of course.

At some point prior to 2014, Mr. Oliver believed that Stanislaus County Superior Court had issued a restraining order against him. TAC ¶ 15. At the hearing on the motions in this case, he asserted that he had never been to Stanislaus County. Yet he has been jailed several times for violating the order. TAC Introduction ¶ 2.

On January 15, 2014, Napa County Superior Court and District Attorney Gary Lieberstein filed a criminal complaint against Mr. Oliver for violation of the restraining order. TAC ¶ 1. On March 28, 2014, Napa County Superior Court and District Attorney Taryn Hunter filed a second criminal complaint against him for violation of the restraining order. He was arrested on May 12, 2014, by a Merced County sheriff. TAC ¶ 13. The Napa County Superior Court issued bench warrants against him for both outstanding criminal cases, and released him on his own recognizance. *Id.* He alleges that he "was forced against his will to sign" the release forms. *Id.*

In April 2015, Mr. Oliver contacted the Stanislaus County clerk to inquire about the restraining order, using the case number included on his Napa County criminal complaints: CF1989133. TAC ¶ 15. According to the TAC, the clerk informed him that the number provided was a "non-existent court order," because Stanislaus County uses the letters CV, CR, and FL to indicate civil, criminal, and family law cases respectively, and it does not use the letters "CF" in administering its cases. *Id.* The clerk also told him that Stanislaus County uses six-digit numbers to identify cases, whereas the number he provided included seven digits. *Id.* In 2023, believing the restraining order to be void, Mr. Oliver requested that Napa County Superior Court dismiss the criminal cases against him. *Id.* The court denied his requests. *Id.*

On March 10, 2025, Mr. Oliver was arrested in the City of Alameda based on the outstanding bench warrants in the Napa County Superior Court cases. TAC ¶ 18. His bail was set at $10,000 for one case, and $15,000 for the second case. *Id.* Judges Elia Ortiz and Robert Stamps presided over various aspects of Mr. Oliver's proceedings in Napa County Superior Court. TAC ¶¶ 19–23. In April 2025, Mr. Oliver was ordered to comply with "supervised probation."

---

Fed. R. Civ. P. 15(a)(1). Any subsequent amendment requires leave of the court. Understanding that Mr. Oliver may not be as familiar with the Federal Rules because of his pro se status, I accept his Third Amended Complaint as the operative complaint.

TAC ¶¶ 22–23. On April 23, 2025, believing the restraining order to be void and Napa County Superior Court to be without jurisdiction, Mr. Oliver says that he filed a formal complaint with the "Fairfield California Federal Bureau of Investigation" for judicial misconduct. TAC ¶ 29.

On March 24, 2025, Mr. Oliver filed suit in this court against the following defendants: Napa County Superior Court, Judge Cynthia Smith (presiding judge), Judge Elia Ortiz, and Judge Robert Stamps (together, "Judicial Defendants"); Napa County District Attorney Employee(s), District Attorney Gary Lieberstein, Deputy District Attorney Taryn Hunter, Prosecuting Attorney Diane Knoles, Napa County Public Defender's Office Employee(s), Chief Deputy Public Defender Ji-Hyun Cho, Deputy Public Defender Michael F. Lernhard, Public Defender Abraham Gardner, and Public Defender Kris Keeley, (together, "County Defendants"). *See* Dkt. No. 1. He alleges four causes of action: (1) Violation of the Fourteenth Amendment Equal Protection Clause pursuant to 42 U.S.C. § 1983; (2) Violation of the Eight Amendment prohibition against excessive bail; (3) Violation of the Eighth Amendment prohibition against Cruel and Unusual Punishment; and (4) Violation of the Fourteenth Amendment Due Process Clause. TAC ¶¶ 32–40. He has sought pro bono legal assistance with this case but has failed to find counsel. TAC ¶ 30.

On April 25, 2025, Mr. Oliver filed a Motion for Summary Judgment and a Motion for an Order to Vacate or Set Aside the state court's judgments. *See* Dkt. Nos. 9, 10. County Defendants did not enter an appearance until May 7, 2025. On May 22, 2025, Judicial Defendants filed a Motion to Dismiss. Dkt. No.22. Mr. Oliver opposed the motion and requested judicial notice of several court documents related to the underlying state court cases.[3] Dkt. Nos. 31, 38. Judicial Defendants replied. Dkt. No. 35. Judicial Defendants and County Defendants opposed Mr. Oliver's earlier-filed motions.[4] Dkt. Nos. 24, 28, 27 (opposing the motion to vacate); Dkt. Nos.

---

[3] Defendants do not contest Mr. Oliver's request for judicial notice. Judicial defendants likewise request that I take judicial notice of the criminal cases filed against Mr. Oliver in Napa County Superior Court. Both requests are GRANTED. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining that "court filings and other matters of public record" are sources whose accuracy is not subject to reasonable dispute).

[4] County Defendants' notice of joining Judicial Defendants' opposition is styled as a "Motion for Joinder." Dkt. No. 28. A notice is sufficient. In any event, the Motion is GRANTED.

25, 29 (opposing the motion for summary judgment). Mr. Oliver replied. Dkt. Nos. 11, 12, 33, 37. I held a hearing on the motions on July 16, 2025.[5]

## LEGAL STANDARD

### I. Rule 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air,* 373 F.3d at 1039. To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *See Wolfe,* 392 F.3d at 362.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air,* 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must

[5] After the hearing on these motions was scheduled, the County Defendants filed a Motion to Dismiss. Dkt. No. 40. Mr. Oliver has not yet had an opportunity to oppose the motion, and so I therefore do not consider the County Defendants' motion to arrive at my conclusions in this Order.

United States District Court
Northern District of California

furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003)).

**II. Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**III. Rule 56(a)**

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there is a genuine issue for trial." *Id.* The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986).

On summary judgment, the Court draws all reasonable factual inferences in favor of the non-movant. *Id.* at 255. In deciding a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* However, conclusory and speculative testimony does not raise genuine issues of fact and is insufficient to defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**IV. Rule 60(b)**

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud;

(4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist.* No. 1J, *Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Rule 60(b)(4) provides for relief from judgment on the basis that a judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.*

**DISCUSSION**

**I. Motion to Dismiss**

**A. State Court Proceedings**

It is unclear from Mr. Oliver's filings whether he is challenging ongoing state court proceedings, fully adjudicated proceedings, or both. What is clear is that the complaint and motions "are based on the Non-existent Stanislaus County Superior Court Case CF1989133 and the Non-existent Stanislaus Court Order in which the Defendants Napa Count Superior Court, 'Judicial Officials' and the 'County Defendants' have no authority or subject matter jurisdiction to act upon, engaged in or enforce." Reply Motion to Vacate [Dkt. No. 34] 2. Mr. Oliver's claims for relief in the TAC rest on what he contends is a lack of Napa County Superior Court's jurisdiction over any existing or non-existing Stanislaus County case. It is not within my jurisdiction to consider these issues—whether the cases have entered final dispositions or not.

The *Rooker-Feldman* doctrine applies if Mr. Oliver seeks to nullify a final state court judgment because he believes the court lacked jurisdiction over the matter(s); he must seek that relief through the state court appellate process. Laying out the elements of the *Rooker-Feldman* doctrine, the Supreme Court in *Exxon Mobil Corporation v. Saudi Basic Industries* explained: "If a "state court decision [is] wrong . . . that [does] not make the judgment void, but merely [leaves] it open to reversal or modification in an appropriate and timely appellate proceeding." U.S. 280, 284 (2005) (internal quotation marks and citation omitted).

And if Mr. Oliver would like me to intervene in an ongoing action against him in Napa

County Superior Court, I may not. In *Hirsh v. Justices of Supreme Court of State of California*¸ the Ninth Circuit explained that following the Supreme Court's decision in *Younger v. Harris*, federal district courts must generally "abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." 67 F. 3d 708, 712 (9th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). The Ninth Circuit went on to explain:

> Absent extraordinary circumstances, abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal law claims.

*Id.* If Mr. Oliver is challenging ongoing state judicial proceedings, each of these limitations requiring *Younger* abstention is met. The State of California has important state interests in prosecuting criminal violations. *See, e.g.*, *Younger*, 401 U.S. at 51–52 (discussing the "chilling effect" that federal intervention can have on state actions). And, he may bring any of his four claims raised in the TAC before me in any state court appellate review.

No matter how Mr. Oliver perceives his case, I lack subject matter jurisdiction to consider its merits. In light of the contents of the four submitted complaints and Mr. Oliver's arguments presented at the hearing, he cannot cure these jurisdictional defects. *See Cato v. United States*, 70 F.3d at 1106. The TAC is DISMISSED with PREJUDICE.

**B. Judicial Immunity**

Given that I lack jurisdiction, this Order could and perhaps should end here. But for completeness, I also find that Mr. Oliver's claims against the Judicial Defendants are barred by judicial immunity.

> [T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'

*Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978) (citation omitted). The Court noted in a later case:

> Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (internal quotation marks and citation omitted).

There are two instances in which a judge is not immune. They are: (1) "[N]onjudicial actions, i.e., actions not taken in the judge's judicial capacity;" and (2) "[A]ctions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12. The latter is what Mr. Oliver contends is at issue here.

Mr. Oliver asserts that because the Stanislaus County restraining order was nonexistent and void, the Judicial Defendants had no jurisdiction to enforce it. He frequently alleges that all defendants "knew or should have known" that the Court lacked jurisdiction. But that allegation is belied by the Criminal Complaint filed against him on March 28, 2014, in Napa County Superior Court, which Mr. Oliver submitted for judicial notice. Oppo. MTD 20–21. Included on the Complaint is one charge against Mr. Oliver for "unlawfully commit[ting] contempt of the court by willful disobedience of a process and order lawfully issued by a court, to wit, Form CH-140, Restraining Order After Hearing To Stop Harrassment, Stanislaus County Case #CF1989133." *Id.*

It is within the scope of a state court judge's jurisdiction to enforce court-issued restraining orders presented in a criminal complaint—even orders issued from another county. Napa County Superior Court judges were not acting in "clear absence of all jurisdiction" when enforcing the restraining order referenced in Mr. Oliver's criminal complaint. *Stump*, 435 U.S. at 357. And if the Superior Court judges' decisions were or are wrong, the state appellate court could correct

them. Without question, the Judicial Defendants are entitled to judicial immunity.[6] [7]

## II. Mr. Oliver's Additional Motions

Because I conclude that this court lack subject matter jurisdiction over Mr. Oliver's complaint, his additionally filed motions are DENIED as moot. Substantively, they would also fail. The summary judgment motion is premature; he had not yet served defendants and there had been no discovery by the time the motion was filed. And his motion to vacate the state court judgment under Federal Rule of Civil Procedure 60(b) would fail because the Federal Rules govern proceedings in federal court, not state court. "The law is quite clear that Civil Rule 60(b) applies to relief from judgment of a **federal** court; it does not provide a basis for subject matter jurisdiction over a claim for relief from a **state** court judgment." *In re Reyes*, 2019 WL 1759749, at *5 (B.A.P. 9th Cir. Apr. 19, 2019) *affirmed*, 812 F. App'x 464 (9th Cir. 2020) (emphasis in original) (collecting cases). If Mr. Oliver seeks appellate review of any procedural issue with his Napa County Superior Court cases, the proper channel to direct those concerns is through the California Court of Appeals. *See* California Courts Self-Help Guide, selfhelp.courts.ca.gov/criminal-court/overview.

## CONCLUSION

For the reasons explained above, the Judicial Defendants' Motion to Dismiss is GRANTED and the TAC is DISMISSED WITH PREJUDICE. Mr. Oliver's Motion for Summary Judgment and Motion to Vacate or Set Aside an Order are DENIED as moot. The County Defendants' Motion to Dismiss is VACATED. Judgment shall be entered in favor of all

---

[6] Mr. Oliver's claims likely also run afoul of prosecutorial immunity. However, the County Defendants, including several district attorneys, filed their 12(b)(6) motion separately from the Judicial Defendants. As I have previously mentioned, I do not consider the County Defendants' arguments in this Order.

[7] As a final note, Mr. Oliver separately fails to state a claim against Judge Cynthia Smith. That she is the presiding judge of the Napa County Superior Court does not, by itself, suffice to raise any specter of liability against her in this action.



United States District Court
Northern District of California

defendants in accordance with this Order.

**IT IS SO ORDERED.**

Dated: July 18, 2025

William H. Orrick
United States District Judge